UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO HOLSINGER, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:05cv0355 AS |
| | ) |
| JOHN R. VANNATTA, | ) |
| | ) |
| Respondent | ) |

*MEMORANDUM OPINION AND ORDER*

On or about, June 10, 2005, *pro se* petitioner, Mario Holsinger, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 10, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Mr. Holsinger filed a traverse on February 28, 2006.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. However, it appears that this petitioner is here challenging disciplinary convictions that were had in the Wayne County Jail in Richmond, Indiana, not in this district. The fact that the petitioner is now in this district may be enough to establish the proper venue here for these claims. He was deprived of 67 days earned credit time deprivation and demoted from credit class I to credit class II which of itself implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).

**A.  Relevant Facts**

On April 17, 2004, a conduct adjustment board hearing was held. Holsinger was found guilty of defacing/destroying jail property and using profane language on July 20, 2004, using profane language, excessive noise, refusing to obey an order, and insolence towards an officer on August 3, 2004, refusing to obey an order, disorderly conduct, and delaying an officer on August 16, 2004, and refusing to follow an order, throwing items, refusing to listen to instruction, attempt to destroy jail property, and engaging in a destructive act on August 16, 2004. (Ex. B). Mr. Holsinger lost good time and was reclassified. (Ex. B). Mr. Holsinger's appeal was unsuccessful (Ex. E).

**B. Standard of Review**

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Holsinger be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d

649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence."*Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

**C. Discussion**

Holsinger claims that the State violated his constitutional rights in seven ways: (1) the sanctions imposed by the respondent were not those given by the Wayne County Jail; (2) the change in sanctions occurred without a hearing by the Indiana Department of Corrections (IDOC); (3) even though he filed appeals, the alleged error was not corrected; (4) he wold have completed his substance abuse program and been eligible for educational programs if the IDOC hadn't changed his sanctions; (5) he was denied the right to call witnesses regarding the August 12, 2004; (6) the CAB didn't timely hold his hearing; and, (7) the reporting officer falsified the date of the August 12, 2004 incident.

*1. Implementation of Sanctions (Claims 1, 2, 3, and 4)*

Holsinger alleges that his constitutional rights were violated because he lost 67 days of earned credit time, and was demoted to Credit Class III. The result of being in CC III is that he also lost the opportunity to participate in education and rehabilitative programs. It's clear from the record,

both from the records of the Wayne County Jail (Ex. B), and the IDOC (Decl. of Randy Short), that Mr. Holsinger's sanctions were properly implemented once he arrived at the IDOC. His claims that his sanction was improperly implemented are without merit.

### 2. Denial of Witnesses

Holsinger alleges he was denied the right to call witnesses at his CAB hearing. Prisoner's have the right to call witnesses to testify on their behalf at CAB hearings when consistent with institutional safety and correctional goals. *Henderson*, 13 F.3d 1073 (citations omitted). However, that right is not an unlimited right. *See Sweeney v. Parke*, 113 F.3d 717, 719 (7th Cir. 1997). Prison officials have discretion to determine whether to have the witnesses present or to allow them to submit a written statement.

In this case the record reflects that Mr. Holsinger refused to participate in the screening process, the point at which he would have requested witnesses. (Ex. C and G). It is also clear that Mr. Holsinger was disrespectful during the hearing and left the hearing. (Ex. C). Because Mr. Holsinger had the opportunity to names witnesses, but did not, he cannot now allege that he was denied his right to call witnesses. If he did request witnesses at the hearing, the request was properly denied as untimely. *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992). This claim is without merit.

### 3. Timeliness of Hearing (Claims 6 and 7)

Mr. Holsinger alleges that the hearing was held outside of the time frame allowed under the rule proscribed by the Wayne County Jail. As a result, he alleges that Officer Miller altered

4

the records to show the date as August 16, 2004, instead of August 12, 2004. Relief in this action is only available from violations of the federal constitution or laws. Estelle v. McGuire, 502 U.S. 62 (1991). State law questions under Indiana Department of Corrections policy do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Assuming the date was altered, he has failed to show how his due process rights were violated by such a change. Because Mr. Holsinger's claim that time frames were violated fails to state a claim, his claim that the date was altered also fails to state a claim. Mr. Holsinger does not allege that he was denied at least 24 hours notice before the hearing.

When a prisoner is subjected to the loss of good time credit, due process requires: (1) advance written notice of the charges against him at least 24 hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-67; *Henderson* 13 F.3d at 1077. Mr. Holsinger had 24 hours notice of the charge, had an opportunity to call witnesses and present evidence, and received a written statement by the fact finder. This claim does not allege that any of these rights were violated, and will be denied.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Holsinger's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

SO ORDERED

DATED: May 16, 2006

                                                         S/ ALLEN SHARP
                                                        Allen Sharp, Judge
                                                        United States District Court